7-1. American Board of Internal Medicine et al. versus Jamie A. Salas-Rushford, M.D. at this time. Would counsel for the appellant please introduce himself on the record to My name is Andrew Schlafly. I represent Appellant Jaime Salas-Rushford. I'd like to reserve three minutes for rebuttal. Thank you, Your Honor. The procedural posture on appeal here is de novo. This is on appeal of a grant of a Rule 12c motion to dismiss on the pleadings. And the primary argument of appellant is that the district court improperly considered allegations by appellee that were unproven and frankly false, highly slanderous of Jaime Salas-Rushford. Allegations such as that Jaime Salas-Rushford referred to himself as Jimmy in order to conceal his identity. Well, Jimmy's a common nickname for Jaime. And that was the lead allegation by defendant A.B.I.M. through most of this case. Through most of this case, A.B.I.M. denied that there was a contract between Jaime Salas-Rushford and A.B.I.M. Their 12c motion to dismiss was based on denying the existence of the contract. Well, instead, the district court found that there is a contract, as we had long held. But then she delved into a She accepted all of these allegations, all of the hearsay, emails, internal proceeding that A.B.I.M. had held, and she relied on all of that in order to grant a 12c motion to dismiss on the pleadings. When all that the district court judge should have done was look at our pleadings, appellant's pleadings, which was a counterclaim, accepted those as true, taken all inferences in favor of appellant, and decided whether it stated a cause of action. She should not have gone into A.B.I.M.'s internal hearings. She relied on that at length. And A.B.I.M., if I could just explain for a second, is just a business. They call themselves the American Board. I think there may have been some confusion about this in the district court level. They're not the government. They don't provide the due process that the government provides. Can I just ask you on the contract claim? Yes. Because I understand the district court opinion. It narrows the decision down to whether, at pleading, your client pled that he, in fact, did not contravene said postulate in the policy. And then she concludes that he didn't do that. So where, I'm not following exactly where your concerns about what the district court's ground for rejecting the claims were links up with what she's actually saying in the decision. Well, that's, Your Honor, that's an excellent point. That's what she said with respect to the contract. Okay. So you don't have a problem with the contract claim? I do, Your Honor, because she said we had not pled to overcome certain things in the contract. But ABIM did not assert any contractual defenses. So the district court judge erroneously faulted us for not pleading to overcome things in the contract. It's not a defense. It's a part of the breach, is that the claim of breach depends on showing that they didn't follow the policies, is her understanding of what the contractual claim is. So you can't very well succeed on that without pleading plausibly that there was a breach, which she says required you to plead that the postulates weren't complied with. That's not a defense that they have to overcome. That's part of the breach. Well, Your Honor, but you don't have to plead a breach of contract with particularity. We did plead a breach of contract many times. But you can't just do it conclusively. You have to give some plausible basis for it. And she says that that was the failing. I don't see what your opening has to do with that aspect of her contention. If what you were saying in the opening doesn't relate to the contract, then we can move on to the claims that it does relate to. Well, Your Honor, it's an excellent point. But we did not have a copy of the contract. So we alleged a breach of the contract. We referred to the contract as a whole, which the contract says that when you pass the examination. Right. And then she says it came down to the contention ultimately was this aspect of it. So then she says, go get that piece of paper. Now we have it. And then she says, is there any that suggests that there was a violation of that aspect of it. Right. We didn't have the contract. So we said, let us allow us leave to amend. And we'll specifically plead that they did not. Okay. But now you're on to the leave to amend problem. Well. Which we can take up. I'm just trying to figure out, your opening was focused on all of these supposed considerations of things that aren't relevant to the claim. That doesn't provide a basis for saying she erred as the contract claim, at least as I understand the call to be just that. Except, your honor, a key part of our contract claim is a violation of good faith and fair deal. Okay. And with respect to that, in concluding that there was no problem, I don't see her relying on those things that you say she relied on in rejecting that aspect of the claim. Do you? I think she did, your honor. If you look at her opinion as a whole, she recites at length these allegations by ABIM. She recites at length their claims, their internal hearing. They say their internal hearing was good faith. And she repeatedly says that Jaime Salas Rushford did not answer questions at their internal hearing. So she's going deep into the facts. That's not something you do on a Rule 12c motion. The reason he didn't respond to questions at the hearing was because the hearing wasn't fair to him. They didn't provide him specific allegations of what they felt that he had violated. They did not provide him a copy of the contract. He was completely in the dark on the hearing. They changed their story. Their initial claim against him was he disguised his identity by referring to himself as Jimmy rather than Jaime. That was their primary claim. And then they changed their story. Then they implied he violated the Pledge of Honesty. That wasn't true either. And then they shifted away from that. And they kept changing their story, your honor. And she's saying that they, ABIM, acted in good faith because they had this ability to go into a deep factual analysis to determine whether that internal hearing was a sham. Now ABIM is just a business. It's not the government. There's nothing to defer to there. It's not an administrative agency. The district court judge really deferred to ABIM as though it were an administrative agency. And she deferred to their findings. And she deferred to their proceedings. They're just a business like Microsoft. If you like deferring to Microsoft's internal hearing, it doesn't, there's no difference. And so the 12C motion, we weren't given the proper procedure. And this is a case where procedure really does matter. Because if we had been given the proper procedure, we would have explained how ABIM really did sandbag this particular young physician. He did what every other physician does. Could you explain what you mean when you say that? That you weren't given the proper procedure? Do you mean that you weren't given a chance to amend your complaint? Or are you referring to something else? That too, your honor. But ABIM wasn't fair to this physician. This physician followed the instructions of his instructor in a course taught at City University of New York. I thought you meant that the court didn't follow the proper procedure. Are you talking about the defendant? I mean both. I mean the court didn't. What are you complaining about the court's procedure? The court's procedure was they did it, the judge did a deep dive on the facts on a rule 12C motion. And she even recited allegations by ABIM. And they'll recite it here in their argument. They'll recite their own pleading. But their pleading is not to be considered in a 12C motion against my client's pleading. And then the judge, after citing sort of technical reasons to dismiss, then she denied leave to amend. We can easily amend to address those specific postures you referred to. This is what I'm trying to figure out. Are you conceding that without having the contract in your hand, that your pleadings are general and thus inadequate? Are you saying that even without having the contract in hand, you think your pleadings are plausible? We do, Your Honor. We do. Because we pledged to breach the contract. He passed the exam. He paid for the exam. He had board certification for several years. Then ABIM said, well, we're taking it away because you disguised your identity on some emails by referring to yourself as Jimmy. And because you complied with what the instructor was asking you to do. And they pulled his board certification several years after he had it. So he's practicing as a physician. He's had his board certification for several years. He passed the exam. He paid for the exam. And then ABIM yanked it and suspended it. And we say that's a breach of contract. And I don't know that any more particularity is needed. We identified what the contract was. We said he paid for it. We said he passed the exam. He complied with the basic requirements. When you say he complied with the basic requirements, isn't that the key question? One of the requirements is that I thought in the contract is that they are allowed to rescind or I guess take away the certification in the event that there is a violation by one of the parties. That's part of the contract, right? Well, Your Honor, you're right. In the end of the contract, there's some disclaimers and rights. We reserve the right to do this and that. That's part of the contract. It is. But ordinarily, when you plead breach of contract, you don't necessarily anticipate all the affirmative defense. But we're happy to do that. I mean, we're happy to add that to a replay. Wait, hold on. Affirmative defense? Affirmative defense would be that they have a defense under these provisions of the contract. That they have the right under the contract. If ABI had alleged that if the contract exists, they have a right to do such and such and that, therefore, they were in compliance with the contract. They didn't do that. They brought out this litigation blow. Even in the 12C motion, they denied there was any contract. Well, that's fine. But still, you have the obligation to prove breach. And she concluded that at the end of the day, to prove breach, you had to plead that there was. They terminated you, even though you were in compliance with all the policies. And that wasn't planned. But, Your Honor, we did plead. We complied with the basic. She said that there were these rights reserved by ABI, which we don't feel applies. And she said we didn't specifically plead that those provisions of ABIM at the back didn't apply to our case. And we're happy to plead that. We're happy to plead that those specific provisions. But when you plead breach at the time, you don't have to plead every provision in the contract and address every possible right that the other party may assert. They never, ABIM throughout this proceeding, never informed or gave Jaime Salas Rushford notice of what he specifically violated, what his specific breach was. And many of their allegations are false. And it may say this in their argument, that he did emails that were rife, that's what they say, rife with copies of exam questions, never shown, never proven, not part of a 12-C case. Judge Lopez, did you have anything further? Yes, thank you. Counsel, you, and I understand this is, you know, this is a motion for judgment on the pleadings. But you seem to ignore a couple of facts in relation to that. First of all, when the trial judge held a hearing where she was going to hear the argument, she raised the possibility, look, we're well beyond just the filing of a complaint. There's should convert, talking to the defendant here, we should convert this into a motion for assembly judgment. They said, no, no, that's not necessary. We can deal with all this other material within the framework of a motion for judgment on the pleadings. You were aware that those, I mean, she's signaling that she's going to be relying on other documents. And I don't see that there was any objection to that. And then she does take into consideration more than just your complaint. Excuse me, she takes into consideration documents that you may well have relied upon of the appellee when you oppose their motion for judgment on the pleadings. So your suggestion that she relied upon documents that were not properly there, not properly authenticated, seems to misstate what the judge did. I would like you to be very specific in telling what documents did she rely upon that you feel she should not have. And I understand that she has to view all this in the light most favorable to your client. I understand that. That doesn't change. But it seems to me she was entitled after telling you she was going to do this to rely on a lot more documents than you're willing to concede. What documents, be very specific, what documents did she rely upon that were inconsistent with her responsibilities in dealing with the motion for judgment on the pleadings? Be very specific. Yes, Your Honor. If I could address your first point first, I don't want that to get lost. She asked, the district judge, asked the moving party, ABIM, if they would like to convert their motion to a Rule 56 motion on summary judgment. That's whom she asked, not defendant. Well, we're in the plaintiff's, because it's a counterclaim, we're on the plaintiff's side. So the plaintiff-defendant is a little confusing here. But right here, Addendum 3 and 4, which is the first couple pages of her first opinion, she states here, adhering to the ABIM parties wish to treat their motion for judgment as a Rule 126C motion instead of a motion for summary judgment pursuant to Rule 56, and so on. So she did ask. She asked ABIM. And ABIM is a movement that said, no, we want this as a Rule 12C motion. And then she went with it. In terms of what documents... She is signaling that she's going to be relying upon more than just the complaint. You knew that. What did she rely upon that was inappropriate when she made her rulings? What documents did she rely upon that she should not have? And you're right, Your Honor. We saw that continuously at every turn. Every turn I objected to that, because it's just so improper. So I objected. Every time I saw it, I said, Your Honor, I objected to that. We did not have a copy of the contract. So right there, I objected to that. If we had had the contract and we had those postulates, we would have addressed that. And if it were not a Rule 12C motion, or even on a 12C motion, we would have addressed that. We can replead and address that. She relied on these postulates that are deep and there's sort of a boilerplate disclaimer at the end of the contract. And we can address that. Yet she relied on it. And then she denied us the ability to replead. She relied on this entire internal hearing proceeding by ABIM, repeatedly criticizing Jaime Salas Rushford for not answering questions at that internal hearing proceeding. She recited throughout the beginning of her opinion, at least allegations by ABIM and ABIM's own complaint, that have no bearing on ABIM's Rule C motion against our counterclaim. She relied on email. She relied on letters sent by ABIM to Jaime Salas Rushford expressly, citing letters sent by ABIM as though it's some kind of authority, as though it's some type of administrative determination. They're just a business. Thank you, Your Honor. At this time, counsel for the appellees, if you would please introduce yourself on the record to begin. Good afternoon, Your Honors. May it please the Court, Paul Lantieri for the appellees, the American Board of Internal Affairs. The procedural twists and noise raised by Dr. Salas Rushford, but short on substance, all that's before the Court is a poorly pled counterclaim and third-party complaint that the District Court rightly dismissed on a motion for judgment on the pleadings, because even giving Dr. Salas Rushford the benefit, every possible benefit of the doubt, he could not plausibly state a claim. And in doing that, the District... I'm sorry, could you address counsel's last assertion that when specifically asked by the Court if you were limiting your motion to one on the pleading, they alleged that you said yes and you did not want it converted? Do you dispute that? No, that's exactly what happened. But then you agree that the proper focus should be on the pleading? I do, Your Honor. And that's the correct standard for a Rule 12c motion. Is that true with respect to the good faith claim? Because it looks to me that they're not... the District Court's not relying solely on the complaint in deciding the good faith claim. Isn't she referencing communications between the two about who was contacted about what? I don't think so, Your Honor. The District Court was certainly entitled to look at the contract and what it did. And the law, of course, it's clear that any kind of duty of good faith doesn't read into it any additional terms. I don't think the District Court made any factual findings about Dr. Salas Rushford's conduct, as he repeatedly suggests. And counsel couldn't point to any such findings because you can't. There are none in the record. Rather, I think in evaluating that argument, Your Honor, which Dr. Salas Rushford, by the way, didn't even plead. So the Court was really giving every possible reason. While it is true that ABM's three-stage appeals process was not referenced in the ABM policies and procedures, Dr. Salas Rushford was notified as the same. Specifically, a May 8, 2012 letter sent by Ms. Lynn Langdon on behalf of ABM to Dr. Salas Rushford informed him he could partake in the three-stage appeals process. That's not in the complaint, is it? Those letters are attached to his plea, I believe, Your Honor. Oh, so that's all from his plea? Yes. The letters about ABM's disciplinary sanction and appeal process, which he complains about, are exhibits to his counterclaim and the truth of the matter asserted she was observing that they, in her plausibility analysis, that she was required to perform under Rule 12c, that his claims that he amended on the fly, in briefing, about some kind of duty of good faith, didn't apply. Now, on the counterclaim... Well, let me just understand that. So he attached these letters to his plea. The idea is that because of the attachment of those letters, she's entitled to read the complaint as if those letters are true? She's entitled to read the documents and draw reasonable inferences from them. Even if the complaint isn't saying anything about the letter? His complaint does say something about it. What does it say? He says that they evidence this unfair process. I see. I see. So they're incorporated into the complaint is the idea? Correct. I mean, the procedural posture, as he said, is a bit confusing. ABM filed a copyright infringement complaint, which incorporated the evidence he complains about being unfair to his client. But that's part of the pleadings. His counterclaim is about the disciplinary process, not his client's copyright infringement. But with respect to the counterclaim, are there some arguments that with respect to the counterclaim about the not following the disciplinary process, that those letters aren't part of that counterclaim? No, I don't see how that could be. The counterclaim is that the disciplinary process was unfair, asserts these four legal claims, and it attaches those documents. And the counterclaim references the letter? Correct. And so you're saying that with reference to the attachments, she didn't make credibility findings, that she made plausibility findings? I believe that's correct. That is what I'm saying, yeah. I mean, the thing that's just a little bit hard to squeeze that out of the sentence is it says, while it is true that ABIM's three-stage appeals process was not referenced, in the 2008 or 2009 policies and procedures, Dr. Salas Rusford was notified as to the same. That sounds like a finding of fact. Well, she's allowed to consider what he attached. What he attached was directly contrary to his pleading. Yeah, yeah, but I think the point is that it's one thing if she does an analysis that says, in light of that, I find there's no plausible basis for concluding that they didn't follow the procedures. But instead, this seems to be a finding of fact that he was notified. I could see that inference from her sentence, but what I think she was doing... It seems like you'd have to infer the opposite to have an inference, because the sentence just says it. It just says, was notified. I mean, I don't see how you can... What's to infer? She's saying he was notified. Okay, that's fine, but she is allowed to look at that, because he attached to the complaint. And if it conflicts with what he's pleading or arguing, then she's entitled to consider that on a motion to dismiss or a motion for judgment on the plea. Now, ABM, contrary to what we heard a minute ago, ABM did not ever deny that there was a contract between the parties. What ABM argued was that Dr. Salas Rusher didn't plead that there was a contractual obligation that was violated in his pleading. The court bent over backwards to try to find one. That's why it looked at the contract, which is the ABM policy, and did the analysis we've referred to. Also, as Judge Barron referred to, Dr. Salas argues that he should not have been required to anticipate or plead affirmative defenses that ABM had raised. But arguing what I just described, that he did not identify a contractual provision or adequately allege a breach, is not arguing affirmative defense. Well, how do you respond to his assertion that he didn't have the contract and that you were very late to produce one after asserting that there was not one? We've never asserted that there is not one, just to be clear. We've asserted that in his case, and the other ABM defendants have reached. This concern about whether ABM denied him the contract is something that they've asserted for eight years now and has never been true. And the record shows that at the outset of the disciplinary process, ABM provided Dr. Salas Rushford with a copy of ABM's policies and procedures, which contained contractually binding terms governing the relationship of the party. He contends that the version of the policies and procedures, which are public and published on ABM's website for many years, including far before any of these facts occurred, he alleges that, or argues here, that the 2008 version of the policies and procedures and not the 2009 version of the policies and procedures govern his conduct. ABM disagrees with that under the terms of the contract they could be amended from time to time, and we gave him, at the time, the copy of the current version, which applied. In any event, the judge in the district court here, again bent over backwards to try to make sure there was nothing to it, and asked us to provide the prior version, which we did. And in her opinion, she goes through line by line with respect to the applicable provisions and finds that they're exactly the same. So there's nothing to the contention that he didn't have the contract, that he didn't know what terms he was bound by. I still just hung up on the good faith point. As I understand what the district court is saying, she says, regarding his claim that ABM failed to remove the ABIM exam protected questions which identified, says, it fails to see how this would have affected anything. And then in the course of that, it says, he alleges that ABM acted in total disregard of good faith when it did not provide in the original ABIM board exam questions in order to defend himself from the allegations. And then it says, well, but she highlights, the final stage of the appeals process included a hearing during which he was afforded the opportunity to express his stance, regarded the recommendation, recommended revocation, but refused to address the allegations. But he doesn't concede in his complaint that he refused to address the allegations, does he? That's just coming from what they wrote in their own decision. What ABM wrote in their decision. Well, how can you accept that as true at this stage of the proceeding? I think what she's, what the judge is doing here is assessing the plausibility of his But how, what's to assess the plausibility? How do you assess the plausibility by saying, well, they said the opposite? He says, I never got a chance. And then she says, well, they said you did. Isn't that the whole point? That we have a trial? He does not, to something you just said, he does not deny that. In fact, I think I heard counsel say it here at argument. When you say he doesn't deny, what does that mean? He doesn't, he did not deny that he had an opportunity to participate in the process and that he chose not to by choosing not to testify before the panel of physicians. Is all that on the pleading? Yes. All of that's in his pleading. It is in the documents attached to his pleadings. And he says that I was there and I didn't participate because it was a sham or a kangaroo court or something like that. And what's, if that's his intention, the answer to whether it was a sham or not is then dispositive of the question of whether it's good faith or not. On your... No. First, I would take a step back and say that there is no, there is no, he can't read into the contract an obligation that was violated by that process at all as a legal matter. I think the judge was giving every possible benefit to his assertion that that was the claim that you're describing I think sounds like is a due process claim. A due process claim that he was afforded unfair process by ABIM. That's a good faith and fair deal. The one that you're describing, I mean, he raised a laundry list of things that could have been good faith, right? One of them was this process was a sham, as I think you're asking me about, Your Honor. To the extent he's complaining ABIM provided him unfair process, that's not a claim that In fact, there's no confusion about that at the district court because the district court did an analysis and said they're not a state actor. No, I thought the idea is that there's an obligation to act in good faith if part of your contractual deal is we'll provide you a procedural process for a dispute. If that's a sham, then you didn't act in good faith in carrying it out. Isn't that the argument? That might, but that's certainly not the point. That might be what he would say is his argument. That's what I thought what she's treating it as. I think she gave it that treatment. But in doing so, she's making factual comments. Again, I think she's evaluating the plausibility of his allegation or his argument in briefing on the motion that somehow ABIM violated the process of a good faith obligation by not providing the process. The documents he attached to his pleading are reflective of the process. She can look at that. She doesn't have to take and make any factual comments about what he did. Will his documents show it was not a sham? There are no documents that show it's not a sham. No, in other words, his claim is that this was not a... She's treating him as making the claim that he did not get a fair shake and therefore they violated their implicit covenant of good faith by having a sham proceeding. That's how she treats the claim. You seem to accept that's how she treats the claim. I think that's one way she looked at it. For his benefit, yes. Where in his documents does he concede it was not a sham? I'm sorry. I didn't understand your question. He does not concede it's not a sham. He says it's a sham. No question about it. So what provides a basis for rejecting that aspect of the claim in her analysis? I think there are multiple. First of all, it's not pled. So I think on that basis alone... That doesn't seem to be her ground. Right. And I think she assessed the plausibility of such a claim if he had pled it that way. And she determined that it wasn't plausible. And I think the state actor point which I was making applies to that particular kind of claim. Because ABI is not a state actor. It's not susceptible to due process claim. And the essence of what that argument is is that they provided me unfair process or didn't provide me due process. Right. In breach of the contract. Which is not... That's the argument. But there's no term in the contract that says that. I might also point out, Your Honors, that the contract, that issue there, does not provide that appeal process. The contract says, as Judge Barron said earlier, at our discretion we can take your certification away if we determine that you acted unprofessionally or unethically. That's what happened. I mean, that's what the documents show. The court doesn't have to take that as true. But the policies and procedures didn't set forth that appeal process. ABI provided it anyway and set forth how that process would go in the letter that they sent him when they said, hey, we found this evidence that says you've acted unprofessionally. Thank you, Your Honors. Thank you. At this time, if counsel for the appellant would please reintroduce himself on the record to begin his three-minute rebuttal. Thank you, Your Honors. Opposing counsel is a good guy. I get along with him well. But he did mistake when he said that ABIM never denied there was a contract. Their motion, their 12C motion, called this whole appeal about. On page 3, their very first point, this is docket 215 in the court below, filed December 18th, 2019, says, quote, Dr. Salas Rushford's breach of contract claim against ABIM fails because Dr. Salas Rushford does not and cannot identify any contractual obligation ABIM supposedly breached. So they did deny that there's a contract, and they said he cannot identify the contractual breach. Well, in fact, he did. Well, what you said is different from denying the existence of a contract. Slightly. Yeah, you're right. But it says he cannot do it. I mean, they're telling the court. Why does this dispute matter? Why does the point you're making matter? Well, because he's – I think it matters because one of our claims is for breach of contract, which we did plead. I'm about to give it. But the stage we're at now, whether they did or didn't once upon a time take the position there was no contract, why is that relevant now to your appeal? Well, it's a good point. I don't know. But he said it so emphatically I felt I needed to correct the record. But you're right, Chief Judge. You said it pretty emphatically the opposite. He probably felt he needed to correct the record. And I'm asking why do we care at this stage? You got me stumped. Okay. You got me stumped on that. Maybe it doesn't matter with the 12C posture we're in. He did plead it in paragraph 30. From that point on, the relationship between ABIM and Dr. Salisbury was governed by a contract. I think that is relevant perhaps. Appeal in a 12C motion, this is his pleading that is at issue here on appeal. And ABIM denied that. They answered that and they denied it generally. That was some caveats. I want to address the incorporation of the letter into our pleading because that's come up. We do attach ABIM's letters to our pleadings, but we attach it by saying that they were false. That the statements in the letters were false. So that's what the court below should have accepted as true, that this posture of 12C, that ABIM's statements were false. But it didn't. Instead, the court below read those letters and relied on them. And I think that's a central point here procedurally. It's how procedures, it really does matter. Because we were basically denied our right to contest the facts, which is what a trial is about. And I want to just get to another point quickly. Revocation recommended. ABIM put that out on their publicly accessible website at the beginning of their internal hearing. They put that out for the public that revocation is recommended for this guy before they even do their internal hearing. I mean, how could that possibly be fair? Judge Lopez, did you have any further questions? Judge Lopez? Sorry. I am still here, but, no, I have no further questions. Okay, great. Thank you. Raise your arms. That concludes arguments in this case.